UNITED STATES of America, Plaintiff,

v.

ONE ASSORTMENT OF 349 FIREARMS, Defendant.

No. 78–185–Civ–NCR.

United States District Court,
S. D. Florida,
Ft. Lauderdale Division.

Nov. 15, 1978.

J. V. Eskenazi, U. S. Atty., Miami, Fla., for plaintiff.

Thomas F. Almon, Miami, Fla., for defendant.

## PARTIAL SUMMARY JUDGMENT

ROETTGER, District Judge.

THIS CAUSE is before the court on the motion of claimant David Russell for partial summary judgment.

Plaintiff's complaint alleges that certain firearms seized from claimant are subject to forfeiture pursuant to 18 U.S.C. § 924(d). It is claimant's contention that fifty-four of these firearms are antique firearms within the definition of 18 U.S.C. § 921(a)(16) and that as such pursuant to 18 U.S.C. § 921(a)(3) they are not firearms within the meaning of 18 U.S.C. § 924(d). The court agrees with claimant and finds that as a matter of law partial summary judgment must be entered in his favor.

18 U.S.C. § 921(a)(16) reads in pertinent part:

(a) As used in this chapter—
(16) The term "antique firearm" means—
(A) any firearm . . . manufactured in or before 1898

Claimant has submitted an affidavit attesting to the fact that the firearms listed in Exhibit A of his motion for partial summary judgment were manufactured in or before 1898. Plaintiff has not contravened claimant's sworn statement by any evidence. Plaintiff's uncontested affidavit eliminates the only factual question in issue and makes the issue of the case ripe for summary disposition.

The government contends that because it relies in part on 18 U.S.C. Appendix, § 1202(a) as the basis for its request for forfeiture of claimant's firearms and because 1202(c)(3) defines FIREARM in pertinent part as follows:

(c) As used in this title—"firearm" means any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive . . . . Such term shall include any handgun, rifle, or shotgun

claimant's antique rifles are firearms subject to forfeiture under 18 U.S.C. § 924(d). The court finds this reasoning to be overly simple and ultimately incorrect. It is quite clear that as a result of this definition the possession of an antique gun by a person "convicted by a court of the United States or of a state or any political subdivision thereof of a felony," 18 U.S.C. App. § 1202(a)(1), may be in criminal violation of § 1202(a) but it does not follow that such an antique gun would be subject to forfeiture under 18 U.S.C. § 924(d). 18 U.S.C. § 924(d) does provide that:

"Any firearm involved in or intended to be used in . . . any violation of any . . . criminal law of the United States, shall be subject to seizure and forfeiture."

But 18 U.S.C. § 921(a)(3) says that:

(a) As used in this chapter—

\*    \*    \*    \*    \*    \*

(3) The term "firearm" means (A) Any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive . . . . Such term does not include an antique firearm.

The legal issue, therefore, is which definition of the term "firearm", that of 18 U.S.C. Appendix, § 1202(c)(3) or of 18 U.S.C. § 921(a)(3), is controlling in the instant case. 18 U.S.C. Appendix, § 1202(c)(3) is applicable by its first sentence to all of Title 18 of which § 924(d) is, of course, a part. 18 U.S.C. § 921(a)(3) is applicable by its first sentence only and specifically to Chapter 44 of Title 18 of which § 924(d) is also a part. Appendix, § 1202 was last amended in 1968. § 921 was last amended in 1975. As a matter of

210

common judicial construction, as between a generally and specifically controlling provision the court must choose the specifically controlling provision. This is especially true when the appropriate legislative body has considered and had an opportunity to revise or delete the more specific provision after the enactment of the general provision. Accordingly the definition of the term "firearm" which is applicable to the instant case is that of § 921(a). Thus those firearms specified in claimant's Exhibit A are not subject to forfeiture pursuant to 18 U.S.C. § 924(d). Congress may but has not chosen to subject those antique firearms to forfeiture.

An examination of the legislative history of the provisions under discussion corroborates the court's view that it would not be sensible to use the definition of firearm in § 1202(c)(3) in the context of § 924(d). § 924(d) is part of the original Title IV of the Omnibus Crime Control and Safe Streets Act and § 1202(c)(3) is part of original Title VII of that Act. The Supreme Court in *United States v. Bass,* 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971), discussed the legislative history of the Act and the relationship between Title IV and Title VII:

. . . In any event, circumstances surrounding the passage of Title VII make plain that Title VII was not carefully molded to complement Title IV. Title VII was a last-minute Senate amendment to the Omnibus Crime Control and Safe Streets Act. The Amendment was hastily passed, with little discussion, no hearings and no report. The notion that it was enacted to dovetail neatly with Title IV rests perhaps on a conception of the model legislative process; but we cannot pretend that all statutes are model statutes. While courts should interpret a statute with an eye to the surrounding statutory landscape and an ear for harmonizing potentially discordant provisions, these guiding principles are not substitutes for congressional lawmaking. In our view, no conclusion can be drawn from Title IV concerning the correct interpretation of Title VII. (Footnotes omitted) 92 S.Ct. at 520

In light, then, of the Supreme Court's commentary in *Bass* as to this legislative history and the court having made its own independent examination of that history the government's position is untenable. Accordingly, it is

ORDERED AND ADJUDGED that claimant David Russell's motion for partial summary judgment is granted and that plaintiff's complaint as it relates to those items which are listed in claimant's Exhibit A of his motion for summary judgment is dismissed and that said items shall be returned to claimant within 20 days from the date of this order.

DONE AND ORDERED this 15 day of November 1978.